No. 25132.

THE PEOPLE OF THE STATE OF COLORADO *v.* CHARLENE JO MALONE AND JACK S. MALONE.
(485 P.2d 499)

Decided June 1, 1971.

CARL PARLAPIANO, District Attorney, DANIEL J. SEARS, Deputy, for plaintiff-appellee.

ROLLIE R. ROGERS, State Public Defender, J. D. MAC-FARLANE, Chief Deputy, DAROL C. BIDDLE, Deputy, for defendants-appellants.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

THE defendants, Charlene Jo Malone and Jack S. Malone, are charged with possession and conspiracy to possess a narcotic drug for sale. They bring this interlocutory appeal from an order of the trial court denying their motion to suppress evidence seized pursuant to a search warrant.

The defendants contend that where allegations contained in an affidavit for a search warrant are shown to be false and inaccurate, the warrant is void, irrespective of whether the affidavit includes additional information sufficient to constitute probable cause. We cannot agree. Clearly, a police officer's factual statements in an affidavit that are erroneous and false must be stricken and may not be considered in determining whether the affidavit will support the issuance of a search warrant. *See* the consolidated cases of *Woods* and *Miles v. People,* 175 Colo. 34, 485 P.2d 491, *People v. Mac-Donald,* 173 Colo. 470, 480 P.2d 555 (1971). However, where, as here, the affidavit still contains material facts

sufficient as a matter of law to support the issuance of a warrant after deletion of the erroneous statements, we will not strike down the warrant because the affidavit is not completely accurate. *Woods* and *Miles v. People, supra.*

The defendants also contend that even if the search warrant was properly issued, the validity of the search was vitiated by the method of entry. In *People v. Lujan,* 174 Colo. 554, 484 P.2d 1238, we held that where police officers armed with a search warrant for narcotics have reason to believe that announcement of their purpose would lead to the destruction of evidence, a forced entry without first identifying themselves and their purpose is not unreasonable under the Fourth Amendment to the United States Constitution. Here, the officer entered an outer door and then proceeded down some steps to an inner door, where he knocked for the first time. After being admitted to the premises voluntarily by one of the defendants, he identified himself as a police officer, and the disputed search was then conducted. Under these circumstances, the method of entry was wholly proper, and is not subject to successful attack.

Ruling affirmed.