No. 25929

**The People of the State of Colorado v. John William Campbell II and Bonnie Gayle Campbell**
(524 P.2d 73)

Decided July 1, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

John O. Walker, John P. Frey, for defendants-appellants.

Opinion by MR. JUSTICE KELLEY.

Defendants were convicted by a jury of possession of marijuana in an amount in excess of one-half ounce. We affirm.

On September 13, 1971, police officers in Fort Collins received a tip that marijuana plants were growing on the premises at 5333 Fossil Creek Drive, Fort Collins. The officers and a police photographer conducted a surveillance of the premises that morning with binoculars. The police

photographer photographed the alleged marijuana with a telephoto lens. The officers had both experience and training in narcotics work and were convinced that the plants were, in fact, marijuana. The officers returned later that day to conduct another surveillance at which time alleged marijuana plants were observed and photographed hanging in the garage. The police officers then swore out an affidavit and obtained a search warrant for the home and premises.

At approximately 10:30 p.m. on September 13, 1971, the police officers executed the search warrant. The testimony at the suppression hearing and at trial indicates that the police officer executing the warrant rang the doorbell and then opened the door and stepped inside. At that point one of the defendants came around the corner from the living room where he had been reading. The police officer then announced his presence and purpose and served the search warrant.

The search yielded substantial amounts of marijuana in addition to the plants growing in the backyard and assorted paraphernalia for smoking marijuana.

I.

The defendants do not assert that the police lacked probable cause to obtain the search warrant, and do not challenge the warrant itself. However, they do argue that the manner in which the warrant was executed vitiates the search and requires the exclusion of all the evidence seized. We do not agree.

We announced the principles which govern searches involving a forced entry in *People v. Lujan,* 174 Colo. 554, 484 P.2d 1238 (1971). *Lujan* involved a search incident to a valid search warrant where the police officers gained entry by breaking down a door with a sledge hammer. We held in *Lujan:*

". . . that henceforth when police officers attempt a forced entry, they must first identify themselves and make their purpose known, unless (1) the warrant expressly authorizes forced entry without such a prior announcement, or (2) the circumstances known to such officer or person at the time of forced entry, but in the case of the execution of a warrant,

unknown to the applicant when applying for such warrant, give him probable cause to believe that — (a) such notice is likely to result in the evidence subject to seizure being easily and quickly destroyed or disposed of, which is true in every case involving a search for narcotics, (b) such notice is likely to endanger the life or safety of the officer or other person, (c) such notice is likely to enable the party to be arrested to escape, or (d) such notice would be a useless gesture." 484 P.2d 1238, 1241.

Before the principles of *Lujan* become applicable, however, we must find that the police conduct complained of is a "forced entry." In this regard we hold that this case is controlled by *People v. Malone,* 175 Colo. 31, 485 P.2d 499 (1971). In *Malone* the officer executing a valid search warrant entered an outer door and proceeded down some stairs to an inner door where he knocked for the first time. After being admitted to the premises by the defendants, he identified himself as a police officer and conducted the search. We held that this entry did not vitiate an otherwise valid search.

■■ In this case we see no material distinction from the facts of *Malone:* the police officer merely stepped across the threshold in a nonviolent and nonforceful manner before announcing his identity and his purpose. This procedure does no violence to the Fourth Amendment when such an officer is clothed with the authority of a valid search warrant. However, only the exigent circumstances outlined in *Lujan, supra,* will justify the greater intrusion of a violent or forceful entry. *People v. Godinas,* 176 Colo. 391, 490 P.2d 945 (1971) is inapposite as the officers in that case did not have a valid search warrant.

Thus, we hold that the trial court correctly denied the defendant's motion to suppress.

II.

■ The defendants argue that it was error to permit testimony by the People's expert witness as to the weight of various samples that he had identified as marijuana. Defendants argue that a proper foundation as to the accuracy of the scales in question was not laid. We have reviewed the record

and hold that this contention is without merit. This is a matter within the sound discretion of the trial court, and goes to the weight rather than the competency of such evidence.

■ In a similar vein defendants argue it was error to admit testimony of the weight of exhibits that contained both leaves and stems of marijuana plants. Prejudice results because possession of the stems is not proscribed by the statute. This argument is without merit because at least one exhibit which consisted entirely of leaves alone weighed in excess of one-half ounce. This combined with the other considerable quantities of marijuana admitted into evidence sustained the People's burden of proof as to the quantity of marijuana.

### III.

Defendants raise numerous other assignments of error. We have reviewed the record in this case and have concluded that to answer each in detail would only reiterate already well established principles of law. Finding no error below,

We affirm the judgment of the District Court.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE HODGES and MR. JUSTICE LEE concur.