MR. JUSTICE CARRIGAN
delivered the opinion of the Court.
The defendant is charged with second-degree burglary (section 18-4-203, C.R.S. 1973). The trial court granted the defendant’s motion to suppress evidence seized pursuant to a search warrant, and the People bring this interlocutory appeal. We reverse.
The police obtained a warrant to search the defendant’s apartment based on information received from a burglary victim and a witness, Jill Rich. Ms. Rich had gone to the defendant’s apartment to smoke marijuana. While there she observed certain items, including a guitar and a tennis racket. When she subsequently learned from the victim that his home had been burglarized, and heard his description of the things taken, she concluded that the items in the defendant’s apartment were the fruits of the burglary.
In the course of investigating the burglary, the police interviewed Ms. Rich. She wanted to cooperate but was afraid to reveal that she had smoked marijuana. Therefore she concocted and told the police the story that she had observed the defendant leave the victim’s home carrying a guitar and a bag, that she had followed and watched the defendant enter his apartment carrying the described items, and that she had later learned that the victim had lost those items in a burglary.
Relying on Rich’s statement, a police officer executed an affidavit for a search warrant reciting the facts she had reported. A warrant was issued, and a search resulted in seizing the stolen property. In his motion to suppress, the defendant contended that since the affidavit had been based upon partially false information, the search warrant was invalid. The trial court agreed, holding that when the false portions of Ms. Rich’s statement were stricken, there were not sufficient facts remaining in the affidavit to support a finding of probable cause. There the trial court suppressed all evidence and statements obtained as a result of the warrant.
We disagree with the trial court’s conclusion that the affidavit was insufficient. Ms. Rich falsely stated to the police only the manner through which she obtained the information used in the affidavit. However, she accurately described the items she saw, the person in possession of them, the address where they were located, and the time she observed them. She also stated the basis for her belief that the goods had been stolen, i.e., that the victim had told her that he had lost such items in a burglary. Thus, even if the false information is disregarded, the affidavit contained material facts sufficient to constitute probable cause. Therefore, the search was effectuated pursuant to a valid warrant. Cf. People v. Malone, *140 175 Colo. 31, 485 P.2d 499 (1971); People v. Woods, 175 Colo. 34, 485 P.2d 491 (1971).
Accordingly, the trial court’s suppression order is reversed, and the cause is remanded for further proceedings.