**STATE of Minnesota, Respondent,**

v.

**Mark PRUDHOMME, Appellant.**

**No. 49195.**

Supreme Court of Minnesota.

Nov. 2, 1979.

Gray, Gill & Brinkman and Earl P. Gray, St. Paul, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, App. Div., and David W. Larson, Asst. County Attys., Minneapolis, for respondent.

OTIS, Justice.

The sole issue on this direct appeal by defendant from judgment of conviction of unlawful possession of phencyclidine is whether the trial court erred in denying defendant's motion to suppress, a motion which was based on a claim that in executing a warrant to search his residence law officers violated the notice requirement of the Fourth Amendment. Affirming the judgment of conviction, we hold that the officers did not violate the notice requirement in executing the search warrant and that, accordingly, the evidence seized in the

search was not thereby rendered inadmissible.

At 2:00 p. m. on January 13, 1978, law enforcement officers went to defendant's residence in Minneapolis for the purpose of executing a warrant to search defendant's residence. This warrant, which did not contain a specific provision authorizing an unannounced entry, was issued on the basis of information indicating that defendant had been illegally selling drugs from his residence. After knocking at the front door and then the rear door without getting any response, the officers opened an unlocked rear door and entered what was variously described as a "foyer" an "entrance into a porched area" and "enclosed outside stairway" leading to the upper half of what appeared to be an "old-time duplex." While knocking on a locked first floor door but without getting a response, the head officer turned and saw defendant, who had opened a locked second floor door and come part way down the stairs. The officer asked defendant if he was "Mr. Prudhomme" and, when defendant replied that he was, the officer served defendant with a copy of the warrant and announced his authority and purpose. The ensuing search resulted in the discovery of drugs, narcotic paraphernalia, and a loaded .38 caliber revolver.

Defendant, testifying in his own behalf at the omnibus hearing, stated that he was residing in the entire building, that the outer door which the officers entered before announcing their authority and purpose was intended to be locked, and that the public was not welcome in this area.

In denying the motion to suppress, the trial court concluded in relevant part that "because of the physical layout of the building, the entry by the officers into the porch or enclosed outside stairway without announcing their purpose and authority, was reasonable within the purview of the Fourth Amendment."

Defendant bases his claim of illegal execution of the warrant on Minn.Stat. § 629.-34 (1978). That statute provides that an officer making a warrantless arrest "may break open an outer or inner door or window of a dwelling house if, after notice of his office and purpose, he shall be refused admittance." (A similar provision in § 629.-33 applies to warranted arrests.)

■ While defendant's reliance on the statute is misplaced since the statute applies to warrantless arrests, not to execution of a search warrant, *State v. Linder*, 291 Minn. 217, 190 N.W.2d 91 (1971), the cases of this court make it clear that the same basic notice requirements apply to an entry for the purpose of executing a search warrant. Further, although the United States Supreme Court has not directly held this, it would appear that the notice requirements are embodied in the Fourth Amendment. 2 W. LaFave, *Search and Seizure*, § 4.8(a) (1978).

■ Although the notice requirements have general applicability, there are exceptions made when (a) the police obtain advance specific judicial authorization for an unannounced entry and/or facts at the threshold indicate that an unannounced entry is needed, (b) facts at the threshold justify the reasonable belief that the premises are vacant, or (c) facts at the threshold indicate that announcement of purpose and authority would be a "useless gesture" because it is virtually certain that the occupants know of the authority purpose of the police. *State v. Lien*, 265 N.W.2d 833 (Minn.1978); 2 W. LaFave, *supra*, § 4.8.

The *Lien* case summarized in detail the first exception, concerning the situation in which the police obtain advance judicial authorization for an unannounced entry, or facts at the threshold indicate that an unannounced entry is needed:

First, when police seeking a search warrant have reason to believe that an unannounced entry will be required in order to successfully and safely execute the warrant, they must inform the issuing magistrate of the circumstances which they believe justify the unannounced entry and obtain specific advance authorization for it.

Second, in order to obtain such authority the police must make a strong showing that an announced entry will result in the destruction of evidence or in danger to the officers executing the warrant.

a. In this regard, the officer must do more than simply make a showing that drugs are involved. In fact, we question whether an unannounced entry clause can ever be justified in a warrant to search a dwelling for drugs when there is no indication that the drugs are other than for personal use and where there is no averment of specific facts indicating that an unannounced entry is needed in order to safely and successfully execute the warrant.

b. However, if the affidavit contains a showing of necessity—e. g., a showing that the occupants are prepared to destroy evidence whenever the search warrant is executed or that the dwelling is being used also as an outlet or a warehouse for a drug business—then the request for the unannounced entry clause should be granted.

The third governing principle is that even if police obtain advance judicial authorization for an unannounced entry into a dwelling, the police still should make a threshold reappraisal of the need to execute the warrant in this manner.

The fourth governing principle is that if police have no reason to seek advance authorization or if advance authorization is denied, the police still may make an unannounced entry to execute the warrant if facts arising at the threshold strongly indicate that an unannounced entry is necessary in order to safely or successfully execute the warrant.

265 N.W.2d at 838–39.

We believe that it is relevant that the officers did not intend to conduct a traditional "no-knock" search. As a matter of fact they did knock, and while they did not first announce their authority· or purpose before entering through the outer door, the door was not a locked door to defendant's private quarters but was an unlocked door into what reasonably seemed to them to be simply a semi-public area leading to the doors on which they would have to knock to get defendant's attention. The fact that this door was unlocked does not by itself mean that the police had a right to enter without announcing their authority. However, this fact, when considered in connection with the evidence concerning the nature of the area into which the door opened, suggests that in this case defendant, contrary to his testimony, may have had a reduced expectation of privacy in the area entered.

■ Finally, we believe that it is useful to analyze this case in terms of the purposes served by the notice requirement. These purposes include, (a) preventing the unnecessary destruction of the property of the person whose dwelling is entered, (b) protecting innocent people by minimizing the chances of entry of the wrong premises by mistake, (c) protecting people against unnecessary shock or embarrassment connected with unannounced entries, and (d) decreasing the potential for a violent response by the occupant which might not otherwise occur if the occupant knows that the people seeking entry are police who have a warrant. 2 W. LaFave, *supra*, § 4.8(a). In this case there was no damage to property occasioned by the police action. The infringement upon any reasonable expectation of privacy was minimal since the police did not burst into the locked part of the house which defendant used as a dwelling but instead walked into what seemed to them to be a semi-public area. The action of the police did not have any greater potential for causing unnecessary shock or embarrassment than an ordinary execution of a warrant. Nor was the entry under the circumstances likely to provoke a violent response.

■ In summary, the area entered was one in which defendant had a reduced expectation of privacy, and the action of the police did not seriously offend any of the purposes served by the notice requirement. Accordingly we hold that the conduct of the police did not violate any of defendant's rights and that the trial court did not err in denying the motion to suppress.

Affirmed.