461 A.2d 790

COMMONWEALTH of Pennsylvania, Appellant,

v.

Lynette BEARD.

COMMONWEALTH of Pennsylvania, Appellant,

v.

Marvin JONES.

Supreme Court of Pennsylvania.

Submitted April 18, 1983.

Decided June 30, 1983.

386

Robert L. Eberhardt, Deputy Dist. Atty., Kenneth J. Benson, Asst. Dist. Atty., Pittsburgh, for appellant.

Bruce A. Carsia, Pittsburgh, for Beard.

John A. Halley, Pittsburgh, for Jones.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION OF THE COURT

ROBERTS, Chief Justice.

This is an appeal of the Commonwealth, by allowance, from an order of the Superior Court affirming an order of the Court of Common Pleas of Allegheny County which granted appellees' motion to suppress physical evidence seized from appellees' apartment pursuant to a search warrant. We disagree with the Superior Court's conclusion that the warrant was improperly executed. Hence we reverse

the order of the Superior Court and remand the record for trial.[1]

The search warrant in this case was issued to a Pittsburgh police officer in the early morning hours of November 15, 1977, to authorize a search for heroin allegedly located in an apartment occupied jointly by appellees Lynette Beard and Marvin Jones. That same day, three officers drove to the address named in the warrant, arriving at approximately 1:00 p.m. Subsequent to the issuance of the warrant, the officers had received information from an unnamed informant that Jones would be arriving at the apartment sometime shortly after one o'clock to cut and package heroin. Although the officers were aware that Beard was at home, they parked their vehicle around the corner from the apartment and began a surveillance of the premises. At about 1:30 p.m., Jones drove up to the apartment and alighted from his car. As Jones walked toward the rear door of the apartment, the police drove their car alongside Jones's car and stopped. All three officers then emerged from the car and began to follow Jones to the rear of the premises.

According to the findings of the suppression court, as Jones reached the back porch, he turned, saw the officers, and ran inside the apartment, shouting "Police!" The officers pursued Jones into the apartment, forcibly entering through the rear door which Jones had shut and locked behind him. Once inside the apartment, they observed Jones in the bathroom flushing something down the toilet. Several packages of heroin were found nearby. Jones was placed under arrest, and both he and appellee Beard, who had been asleep up to this point, were informed of the search warrant. A search of the premises revealed additional drugs, which, along with the heroin, were seized by the officers.

Appellee Beard was charged with criminal conspiracy, 18 Pa.C.S. § 903(a), and three counts of violating the Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. § 780–101 et seq. Appellee Jones was charged with crimi-

1. This appeal is heard pursuant to *Commonwealth v. Bosurgi,* 411 Pa. 56, 190 A.2d 304 (1963).

nal conspiracy, two counts of violating the Controlled Substance, Drug, Device and Cosmetic Act, and unlawful ownership of a firearm by a former convict, 18 Pa.C.S. § 6105. Appellees' motions to suppress the evidence seized were granted by the suppression court, and a divided panel of the Superior Court affirmed. 282 Pa.Super. 583, 423 A.2d 398 (1980) (Montgomery, J., joined by Lipez, J.; Cercone, P.J. dissenting).

In affirming the order granting the suppression motions, the Superior Court panel found that the police had acted reasonably in waiting for Jones's arrival before executing the search warrant. See LaFave, *Search and Seizure*, § 4.8, n. 62 (Supp.1983). See generally *United States v. Gervato*, 474 F.2d 40 (3d Cir.1973). However, according to the majority, once Jones had arrived, "the police could have easily waited until [Jones] entered the premises before they approached. Then, the police could have knocked and announced their identity and purpose and given the appellees the opportunity to surrender their privacy peacefully." 282 Pa.Super. at 589, 423 A.2d at 402 (footnote omitted). In the majority's view, the officers' decision to approach Jones before he entered the house, knowing that Jones would recognize them and possibly run inside, was improperly designed to create "exigent circumstances" which would justify police avoidance of the "knock and announce" requirement of Pa.R.Crim.P. 2007.[2]

The "knock and announce" rule is designed to protect reasonable expectations of privacy of persons inside a dwelling by requiring that the occupants be given notice of

**2.** Rule 2007 provides:

(a) A law enforcement officer executing a search warrant shall, before entry, give, or make reasonable effort to give, notice of his identity, authority and purpose to any occupant of the premises specified in the warrant, unless exigent circumstances require his immediate forcible entry.

(b) Such officer shall await a response for a reasonable period of time after his announcement of identity, authority and purpose, unless exigent circumstances require his immediate forcible entry.

(c) If the officer is not admitted after such reasonable period, he may forcibly enter the premises and may use as much physical force to effect entry therein as is necessary to execute the search.

the presence of police and the police's authority and purpose before their privacy may properly be disturbed. See *Ker v. California,* 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); *Miller v. United States,* 357 U.S. 301, 78 S.Ct. 1190, 2 L.Ed.2d 1332 (1958); *Commonwealth v. DeMichel,* 442 Pa. 553, 277 A.2d 159 (1971); *Commonwealth v. Newman,* 429 Pa. 441, 240 A.2d 795 (1968). Contrary to the view of the majority of the Superior Court panel, neither the "knock and announce" rule nor the Fourth Amendment, which the rule is designed to effectuate, requires that the police delay announcing their authority and purpose until occupants of a dwelling who are outside the premises have gone inside. Thus, it was within the proper exercise of police discretion for the police to have approached Jones to announce their authority and purpose before Jones entered the premises. Jones's subsequent decision to flee inside the house, even though a possible consequence of the police's action, in no respect makes the exercise of this discretion unreasonable.

Once Jones had run inside the house, shouting "Police!" and locking the door behind him, there was a strong likelihood that the contraband sought to be seized would be destroyed immediately. Although the Superior Court panel erroneously concluded that the police conduct precipitating appellee Jones's flight was improper, it correctly acknowledged that once Jones had fled inside the house, the "knock and announce" requirement was excused by exigent circumstances:

> "The fact that Jones recognized the police and upon doing so, fled into the residence is sufficient evidence that he knew the identity and purpose of the police. Thus, the police had valid grounds for being virtually certain that Jones had ascertained their purpose and would attempt to destroy the evidence of narcotics. In such circumstances, noncompliance with the knock and announce requirement is excused . . . ."

282 Pa.Super. at 587, 423 A.2d at 400.

Because the evidence challenged in appellees' suppression motions was lawfully seized, the order of the Superior Court must be reversed.

Order of the Superior Court reversed and record remanded for trial.