516 A.2d 329

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Dennis Alan McDONNELL, Appellee.**

Supreme Court of Pennsylvania.

Argued May 15, 1986.

Decided Oct. 16, 1986.

Roy Alan Keefer, Dist. Atty., Gettysburg, for appellant.

Walton V. Davis, Gettysburg, for appellee.

Stuart Suss, Asst. Dist. Atty., West Chester, amicus curiae, for Pa. Dist. Atty's. Ass'n.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

HUTCHINSON, Justice.

The Commonwealth appeals by allowance a Superior Court order, 343 Pa.Super. 614, 494 A.2d 482, affirming Adams County Common Pleas' order granting appellee's pre-trial motion for suppression of evidence. The trial court found that police officers executing a valid search warrant failed to comply with Pa.R.Crim.P. 2007, the so-called "knock and announce" rule, when they entered an unlocked porch to knock on the door of the house described in the warrant. Thus, it held that evidence seized in the house as a result of the officer's search of the house itself must be suppressed.

This record does not show a violation of our state and federal constitutions' prohibitions against unreasonable searches. Moreover, Rule 2007, as properly read to effectuate its purpose, was not violated and suppression of this

evidence is not required. Therefore, we reverse Superior Court's order and remand the record to Common Pleas for further proceedings consistent with this opinion.

On July 12, 1983, the Pennsylvania State Police obtained a warrant to search appellee's residence for marijuana, and money, records and paraphernalia related to its use and sale. Appellee lived in a one and one-half story brick house with a large enclosed redwood porch in the front and a smaller one in the rear. His house is located in Hamiltonban Township, Adams County. On July 13 at approximately 7:15 a.m. three state troopers arrived to execute the search warrant. The officers approached from the rear. They opened the unlocked porch door and entered the porch area, but did not search it. One of the officers knocked on the door to the house proper; appellee answered. The officer identified himself and informed appellee that the police were there to execute a search warrant. Appellee allowed the officers to enter; no force was used. The officers confiscated cocaine, marijuana, various pieces of paraphernalia and a sawed-off shotgun. Appellee was charged with two violations of The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. § 780–101—780–144, possession of a controlled substance, 35 P.S. § 780–113(a)(16) (supp. 1986), and possession of a small amount of marijuana, 35 P.S. § 780–113(a)(31) (supp. 1986). He was also charged with prohibited offensive weapons, 18 Pa.C.S. § 908.

Prior to trial, appellee moved for suppression of all items seized because the executing officer violated Pa.R.Crim.P. 2007.

That rule states in relevant part:

(a) A law enforcement officer executing a search warrant shall, before entry, give, or make reasonable effort to give, notice of his identity, authority and purpose to any occupant of the premises specified in the warrant, unless exigent circumstance require his immediate forcible entry.

He argued that the police violated the rule by opening the porch door and entering the porch without knocking and announcing their presence and purpose.

At the suppression hearing State Trooper Terry Helwig, one of the executing officers, testified that he did not believe the occupants of the house would have heard a knock at the porch door. He stated that the porch was about six feet wide and he could see that it was unoccupied. The doors are in line so he could see into the porch area and the house from the outside door. On cross-examination, Trooper Helwig admitted that he did not see or look for a doorbell. Appellee introduced a photograph which showed a doorbell at the back door. Appellee testified that the doorbell was there on July 13. He also stated that the porch is insulated and primarily used for storage.

Common Pleas granted appellee's motion and suppressed the seized evidence. President Judge Spicer held that the officers committed a technical violation of Rule 2007. He assumed that the remedy for every violation of Rule 2007 is co-extensive with the sanctions for violation of the Fourth Amendment's prohibition against unreasonable searches and seizures. Treating this intrusion as a violation of the Constitution, and not merely of a procedural rule, he held suppression was required. Superior Court affirmed.

The "knock and announce" rule's origins pre-date the United States Constitution. It was born in English Common Law and was subsequently adopted in America. In recent times, the "knock and announce" rule has assumed a Constitutional dimension. Both our Court and United States Supreme Court have held that the Fourth Amendment's prohibition against unreasonable searches and seizures applies to the manner of a warrant's execution. *Ker v. California,* 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); *Commonwealth v. Newman,* 429 Pa. 441, 240 A.2d 795 (1968). Even a valid warrant may not be executed in an unreasonable manner; unreasonableness is determined on a case-by-case basis. *Id.* The rule's primary purpose is to prevent resistance to lawful authority based on the occu-

pant's efforts to protect his privacy expectation against unauthorized entry of persons unknown to him. It gives the individual a chance to surrender the premises peacefully in the face of lawful authority. *Commonwealth v. Beard,* 501 Pa. 385, 461 A.2d 790 (1983); *Commonwealth v. Norris,* 498 Pa. 308, 446 A.2d 246 (1982); *Commonwealth v. DeMichael,* 442 Pa. 553, 277 A.2d 159 (1971) (plurality opinion).

█  Thus, the officers' conduct here must first be measured against the Fourth Amendment's [1] requirements. We find nothing in this record which indicates that their action was unreasonable. Trooper Helwig testified that he did not believe that the occupants of the house could hear a knock at the porch door; he could see that the porch was not occupied, and was used for storage. Therefore, he and the other officers entered the porch and knocked on the door to the house proper. No search was conducted on the porch after they entered. After identifying himself, Trooper Helwig explained his purpose and appellee allowed the officers to enter the house. These facts show that the officers' sole intention in following this course of action was to effectively comply with the "knock and announce" rule. Under the circumstances, we find that this was constitutionally reasonable conduct. Judge Spicer's findings support this conclusion.

There is no indication that the officer acted otherwise than in good faith. Entrance into the porch without first knocking or ringing the doorbell and then announcing the purpose of the visit was obviously a result of an honest mistake and not accomplished for ulterior purposes. However, the porch obviously was part of the living space of the house and the officer committed a technical violation of the "knock and announce" rule.

1. In this context, we have not previously extended greater protection under art. I, § 8 of the Pennsylvania Constitution, and are not inclined to do so here.

Common Pleas Slip Opinion at 1–2.[2]

■ Since appellant did not engage in an unreasonable search or seizure the Fourth Amendment was not violated. In the absence of a constitutional violation we have held that suppression of evidence is not automatically required when rules of procedure have been violated. *Commonwealth v. Mason*, 507 Pa. 396, 490 A.2d 421 (1985). Thus, suppression of evidence is not required for the minimal intrusion which took place here regardless of whether the rule was violated.[3]

■ Indeed, we do not believe that the rule, properly read, was violated, even though its language arguably affords broader protection than the Fourth Amendment. Pa.R.Crim.P. 2 states:

> [the rules] shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay and as nearly as may be in consonance with the rules of statutory construction.

The lower courts here have interpreted "entry" in a mechanical manner, as passing from the outside to any attached enclosed structure. This construction does not advance the rule's purpose, discussed above, of preventing unreasonable searches and seizures by protecting an occupant's privacy and giving him a chance to peacefully surrender his property. Nor, do we believe that the rule's other traditional purposes of preventing harm from breaches of the peace and injury to persons and property, 2 W. LaFave,

**2.** On review, an appellate court is bound by the factual findings of a suppression court if those findings are supported by the record, *Commonwealth v. Gray*, 473 Pa. 424, 374 A.2d 1285 (1977), but not by its conclusion of law based on those findings.

**3.** In similar factual settings, sister jurisdictions have found no Fourth Amendment violation warranting suppression of the evidence seized. *State v. Prudhomme*, 287 N.W.2d 386 (Minn.1979) (without notice a police officer entered an enclosed porch area); *People v. Campbell*, 185 Colo. 312, 524 P.2d 73 (1974) (police officer rang the doorbell, then opened the door and stepped inside, and immediately announced his purpose and authority to the occupant); *People v. Peterson*, 9 Cal.3d 717, 108 Cal.Rptr. 835, 511 P.2d 1187 (1973) (police officer knocked; there was no answer, so he unlatched a screen door and entered the premises without announcing).

*Search and Seizure,* § 4.8 at 124 (1978); 1 R. Wasserbly, *Pennsylvania Criminal Practice,* § 19.14 at 34 (1981), are served by such a formalistic reading. The officers entered the porch to effectively announce their presence and purpose, not to begin a search. Indeed, Trooper Helwig and his colleagues believed that the rule's purposes could not be served by knocking at the porch door. The officers' conduct once inside the porch belies any malignant intent or desire to flaunt the "knock and announce" rule. No force was used in entry and breach of peace or injury was unlikely since the porch was unoccupied. They did not enter the house proper, the occupied area, without permission. No evidence has been presented that their failure to find and use the door bell was anything but an oversight. Therefore, considering its purpose, we hold that Rule 2007 was not violated on this record and suppression of the evidence seized was improper.

The order of Superior Court is reversed and the case is remanded to the Adams County Court of Common Pleas for proceedings consistent with this opinion.

McDERMOTT, J., joins the majority opinion and files a concurring opinion.

ZAPPALA, J., files a concurring opinion in which FLAHERTY, J., joins.

## JUDGMENT

ON CONSIDERATION WHEREOF, it is now hereby ordered and adjudged by this Court that the order of Superior Court is reversed and the case is remanded to the Adams County Court of Common Pleas for proceedings consistent with this opinion.

ZAPPALA, Justice, concurring.

I join in the result reached by the majority but write separately to express my reasons. It cannot be disputed that entering into the screen porch area of the Appellee's home was an "entry" under Pa.R.Crim.P. 2007. However,

the fact that Rule 2007 was violated does not require a finding of a constitutional violation under the Fourth Amendment and necessarily require suppression of the evidence seized.

The Fourth Amendment protects individuals from unreasonable searches and seizures. At the suppression hearing, State Trooper Terry Helwig, "testified that he did not believe that the occupants of the house would have heard a knock at the porch door." (Maj. opinion at p. 176). Therefore, in order to implement the intent of the "knock and announce rule", the State Troopers entered the porch and proceeded to the back door. After knocking on the back door and identifying themselves, the Appellee permitted the State Troopers to enter. Since the State Troopers in this case did not act "unreasonably" in executing the search warrant, there was no constitutional violation. It logically follows that if no constitutional violation occured, suppression was improper. For this reason, I join in the result reversing the order of the Superior Court.[1]

FLAHERTY, J., joins in this concurring opinion.

McDERMOTT, Justice, concurring.

Pa.R.Crim.P. 2007 is a rule of reason that can only be considered in the light of the facts of each case. The possession of a warrant is not a license to burst, ax in hand, into the premises to be searched. Neither is the "knock and announce" rule to be accounted a grace period for the destruction of the evidence sought. All the circumstances, the good faith of the officers and the rights of those searched must be balanced in making reasonable sense of the rule.

I join the majority opinion.

1. Even though I agree with the result in this case, I am not in any way minimizing the violation of Pa.R.Crim.P. 2007. In actuality, strict compliance with the rule in this case may have subjected the Appellee to less protection than actually afforded to him.