## Commonwealth v. Etter

*Roy A. Keefer,* district attorney, for the Commonwealth.

*Gary Lysaght,* for defendant.

SPICER, *P.J.,* August 9, 1990 —

## CONCLUSIONS OF LAW

(1) Entry into defendant's home technically violated Pa.R.Crim.P. 2007.

(2) Judged from the circumstances of this case, the rule violation did not render the search unreasonable.

(3) Evidence seized is not subject to suppression.

## DISCUSSION

The court entered findings of fact and, at the request of counsel following the suppression hearing, deferred further disposition to afford the parties an opportunity to brief issues. Facts are simple and undisputed. State police went to defendant's home around 7:10 to 7:15 p.m. on January 18, 1990, to execute a valid search warrant. They were not in uniform but wore standard state police jackets.

After knocking, Trooper Fenstermacher said words to the effect, "Hey, Peanut, open up. Hey, Peanut, are you going to let us in?" The officer's tone at the hearing indicated this was delivered in somewhat a bantering tone. When repeated knocks and statements failed to produce defendant, Fenstermacher opened the unlocked front door and began entry. In football parlance, as his body broke the plane of the goal line (threshold) he announced his identity and purpose.

There was, unquestionably, a technical intrusion into the home's interior before full compliance with the knock and announce rule. Pa.R.Crim.P. 2007(a), which embodies this rule, states:

"(a) A law enforcement officer executing a search warrant shall, before entry, give, or make reasonable effort to give, notice of his identity, authority and purpose to any occupant of the premises specified in the warrant, unless exigent circumstances require his immediate forcible entry."

Defendant argues that the failure by police to fully comply with the requirements of the rule require suppression of all evidence seized.

At one time, his position would have been unassailable. In fact, a case he cites, *Commonwealth v. Golden,* 277 Pa. Super. 180, 419 A.2d 721 (1980), is virtually indistinguishable.

However, legal climates change and another sports idiom tells us that nothing is final until a portly female delivers a musical rendition. Perhaps we have not heard the final notes but Supreme Court delivered the musical rendition in *Commonwealth v. McDonnell,* 512 Pa. 172, 516 A.2d 329 (1986). That court discussed the knock and announce rule as embodied in rule 2007 and disapproved the mechanical approach taken by lower courts. Every violation is not grounds for suppression. The rule must be applied in a case-by-case basis.

''The 'knock and announce' rule's origins predate the United States Constitution. It was born in English Common Law and was subsequently adopted in America. In recent times, the 'knock and announce' rule has assumed a constitutional dimension. Both our court and United States Supreme Court have held that the Fourth Amendment's prohibition against unreasonable searches and seizures applies to the manner of a warrant's execution. *Ker v. California,* 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); *Commonwealth v. Newman,* 429 Pa. 441, 240 A.2d 795 (1968). Even a valid warrant may not be executed in an unreasonable manner; unreasonableness is determined on a case-by-case basis. *Id.* The rule's primary purpose is to prevent resistance to lawful authority based on the occupant's efforts to protect his privacy expectation against unauthorized entry of persons unknown to him. It gives the individual a chance to surrender the premises peacefully in the face of lawful authority. *Commonwealth*

*v. Beard,* 501 Pa. 385, 461 A.2d 790 (1983); *Commonwealth v. Norris,* 498 Pa. 308, 446 A.2d 246 (1982); *Commonwealth v. DeMichael,* 442 Pa. 553, 277 A.2d 159 (1971) (plurality opinion)." *McDonnell,* 512 Pa. at 176-7, 516 A.2d at 330-1.

Frankly, we do not understand the officer's failure to faithfully follow the rule in our case. He is an experienced policeman and fully aware of the rule. There were no exigencies, hardships or inconvenience that explain his deviation from format. All that has been accomplished by his individualistic approach has been the creation of an issue for litigation and appeal.

Even so, we do not find the departure to lead to unreasonableness. In some locales, slight deviation from the rule might invite violence.* In Adams County that is, thankfully, not the case. The officer's departure from the script does not warrant closing down the play.

## ORDER OF COURT

And now, August 9, 1990, defendant's motion to suppress is denied.

---

* A weekly newspaper magazine recently published results of interviews having to do with desired changes in the world. Some said they wished drugs would be legalized. Others worried about drugs being legalized. A young man said he wanted to quit worrying about the threat of getting shot just because he might accidentally step on a sneaker worn by someone high on crack.