## Commonwealth, Appellant, v. Johnson.

Argued December 8, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*James D. Crawford,* Deputy District Attorney, with him *J. Bruce McKissock* and *Milton M. Stein,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellant.

*Robert B. Mozenter,* with him *Donald C. Marino* and *Marino and Mozenter,* for appellee.

OPINION BY WATKINS, J., April 13, 1972:

This is an appeal by the Commonwealth from the Order of the Court of Common Pleas, Criminal Divi-

sion, of Philadelphia County, suppressing all items of evidence which resulted from a search of the premises of the defendant-appellee, Janice Johnson.

On the morning of August 15, 1970, the Philadelphia police, armed with a search and seizure warrant for a dwelling at 3100 J Mountain Drive, Philadelphia, arrived at the premises. The police had the premises under surveillance for approximately one-half hour when they observed a female approaching the residence.

Officer Green followed the woman to the front door and when it was opened by the defendant to allow her entry, he, having his badge in his left hand and the search warrant in his right hand, approached the door and identified himself as a police officer. He was in civilian clothes. He was about to announce his purpose to search the premises when the defendant, having observed him, attempted to slam the door in his face. The officer put his foot on the threshold to prevent the door from being closed, announced his purpose and entered the premises and executed the warrant after which a search of the premises was conducted.

The only question raised before us is whether or not the search and seizure was invalid because of the officer placing his foot on the threshold in order to prevent the slamming of the door and then announcing his purpose and entering the premises. The lower court relies on the recent cases of *Commonwealth v. De-Michel*, 442 Pa. 553, 277 A. 2d 159 (1971); and *Commonwealth v. Newman*, 429 Pa. 441, 240 A. 2d 795 (1968), where the results of the searches were suppressed holding that the entry was unreasonable and, therefore, the search unlawful.

All of the cases which have turned on the entry of the officers into the premises for the purpose of executing a search warrant are based on the reasonableness of the conduct of the officers and have set forth

exceptions to the requirements that police officers announce their identity and purpose and await a reasonable time before forcing entry into the premises. These exceptions are: (1) Facts known to the police officers making them virtually certain that the occupants of the premises know their identity and purpose, thus making any announcement a "useless gesture"; (2) Facts indicating the requirement if executed would cause palpable peril to the life and limb of police officers; (3) Facts known to the officers justifying a reasonable belief that evidence is about to be destroyed.

In *Commonwealth v. Newman,* supra, our Supreme Court held that police officers must make an announcement of purpose and identity prior to forcible entry unless exigent circumstances would justify entry without proper announcement. The Supreme Court noted that "noncompliance [with the announcement requirement] might be excused where the police have valid grounds for being virtually certain that petitioner already knows their purpose." *Commonwealth v. Newman,* supra at page 447, citing *Miller v. United States,* 357 U.S. 301 (1958) and *Ker v. California,* 374 U.S. 23 (1963).

In the instant case, the officer had identified himself and was in view of the defendant and the door to the premises was open so that the requirement of waiting a reasonable time before forcing entry to the premises did not exist. The appellee by her conduct in attempting to slam the door after becoming aware of the identity of the police officer showed her intent to bar the entry rather than permit a peaceable entry. Her very action discloses her knowledge of the police purpose to either make an arrest or search the premises. Under these circumstances, for the officer to permit the door to be slammed and locked in his face and then announce his purpose and finally wait a minute or two

before forcing entry would have been a "useless gesture". *Commonwealth v. McAleese,* 214 Pa. Superior Ct. 228, 252 A. 2d 380 (1969) ; and *United States v. Singleton,* 439 F. 2d 381, 386 (3d Cir. 1971).

It is clear that exigent circumstances existed in the instant case, when the defendant attempted to bar entry after she learned of his identity. The officer, therefore, was justified in placing his foot in the door prior to the announcement of his purpose. The additional exigent circumstance, in this case, was the probability of the destruction of the contraband sought when the defendant had knowledge of the raid.

The order of the court below suppressing the evidence is reversed and the case remanded for trial.