510 A.2d 754

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Joseph Stanley MORGAN.**

Superior Court of Pennsylvania.

Argued March 13, 1986.

Filed May 23, 1986.

Reargument Denied June 26, 1986.

Dennis C. McAndrews, Assistant District Attorney, Wayne, for Com., appellant.

Michael P. Dignazio, Media, for appellee.

Before WICKERSHAM, WIEAND and POPOVICH, JJ.

WICKERSHAM, Judge:

Joseph Stanley Morgan went to trial on March 26, 1985 before the Honorable Joseph T. Labrum, J. and a jury and was convicted of possession and possession with intent to deliver controlled substances (159 milligrams of methamphetamine).

On October 12, 1984 county detectives and other law enforcement officers executed a search warrant at 249 West Chelton Road, Delaware County, the address of defendant Morgan. Omnibus pretrial motions were filed raising issues regarding the legality of the search and seizure. A suppression hearing was held February 13, 1985, and pre-trial motions were denied. On August 9, 1985 Judge Labrum granted the defendant's post-trial motion for a new trial. The Commonwealth appeals and raises one issue:

A. Did the trial court err in granting the defendant's post-verdict motion to overturn its pre-trial determination that the seizure of evidence from the defendant's home was proper?

Brief for Appellant at 3.

In an opinion filed October 3, 1985 Judge Labrum explains his grant of a new trial, thusly:

[I]n its Amended Findings of Fact, the Court found that the Officers violated Pa.R.Cr.P. 2007 and the applicable case law in the execution of the Search Warrant.

Pa.R.Cr.P. 2007 provides:

"(a) A law enforcement officer executing a Search Warrant shall, before entry, give, or make reasonable effort to give notice of his identity, authority and purpose to any occupant of the premises specified in the Warrant, unless exigent circumstances require his immediate forcible entry.

"(b) Such Officer shall await a response for a reasonable period of time after his announcement of identity, authority and purpose, unless exigent circumstances require his immediate forcible entry.

"(c) If the Officer is not admitted after such reasonable period, he may forcibly enter the premises and may use as much physical force to effect entry therein as is necessary to execute the Search."

Absent exigent circumstances sufficient to justify an Officer's failure to comply with Pa.R.Cr.P. 2007, evidence seized pursuant to a Search must be suppressed. *Commonwealth v. Golden,* 277 Pa.Super. 180, 419 A.2d 721 (1980). The cases which turn on the entry of Police Officers into premises for the purpose of executing a Search Warrant are based on the reasonableness of the conduct of the Officers and have set forth exceptions to the requirements that the Officers announce their identity and purpose and await a reasonable time before entry into the premises. The exceptions are (1) Facts known to the Officers making them virtually certain that the occupants of the premises know their identity and purpose, thus making an announcement a "useless" gesture; (2) Facts indicating the requirement if executed would cause peril to the life and limb of the Officers; (3) Facts known to the Officers justifying a reasonable belief that evidence is about to be destroyed. *Commonwealth v. Johnson,* 223 Pa.Super. 83, 289 A.2d 733 (1972).

In the present case, Officer John Gretsky of the Chester Police Department received information from a reliable informant that drugs were illegally kept at the Defendant's residence, such information being received on or about October 10, 1984. Based on such information an affidavit of Probable Cause for the obtaining of a Search Warrant was prepared and a Search Warrant obtained. On October 12, 1984, at approximately twelve o'clock Noon, Detectives DiRomualdo and Greenwalt, both in plain clothes approached the Defendant's home and knocked on the screen door, the inner door being open. The Defendant answered the knock asking "Who is it?" Detective DiRomualdo responded "Joe" (Defendant's first name) and the Defendant replied, "Come in."

The Officers then immediately entered the premises before announcing their identity or purpose and only

upon gaining entry to the premises did they inform the Defendant of their identity and of their authority.

The Court is aware of the case law which permit the Police to use a ruse to initiate execution of a Search Warrant where such ruse is followed by an announcement of authority and purpose and by peaceful entry. *Commonwealth v. Regan,* 254 Pa.Super. 555, 386 A.2d 89 (1978). The announcement requirement is further waived if the Police know that the occupant of the premises is aware of their purpose. *Commonwealth v. Davis,* 331 Pa.Super. 285, 480 A.2d 1035 (1984). We are also mindful of the fact that the United States Supreme Court has defined forcible entry or breaking in *Sabbath v. United States,* 391 U.S. 585, 88 S.Ct. 1755, 20 L.Ed.2d 828 (1968) as an unannounced entry, regardless of the actual force used.

Under the particular circumstances of the present case, the Court felt that the actions of the Police Officers were in violation of the applicable Rules and case law. Detectives DiRomualdo and Greenwalt were in plain clothes. As soon as the Detectives entered the premises, the entire team of seven additional Police Officers came through the doorway within five seconds of the knocking at the screen door. The evidence reveals that the Officers entered the premises before announcing their identity, purpose and authority. There was nothing in the testimony to indicate that the Officers had knowledge that the occupant of the premises knew the identity of the Officers or their purpose in coming to the premises. Thus, their announcement of identity and purpose was definitely not a "useless" gesture. The Officers also had no reasonable belief that evidence was about to be destroyed or that their life and limb was in peril. Rule 2007(a) specifically provides that the Officers must make a reasonable effort to give notice of identity, authority and purpose before entry. Such was not accomplished in this case.

Furthermore, the Commonwealth can not justify the execution of the Search Warrant on a "consent" theory.

The evidence presented does not substantiate the fact that the Defendant consented to the entry of the premises of Police Officers for purposes of executing a Search Warrant when he responded to the knock.

For the foregoing reasons, Defendant's Post-Trial Motions were Granted and a New Trial was Ordered. Lower ct. op. at 2–5.

The right of the people to be secure in their houses is a right clearly of Constitutional dimension. As pointed out in *Pennsylvania Constitutional Law* by Robert E. Woodside[1] (Murrelle Printing Company, Inc. 1985) at 217–222:

> The Bill of Rights of the United States Constitution, contained primarily but not exclusively in its amendments, and the Bill of Rights of the Pennsylvania Constitution, presently contained in Article I, frequently convey similar or related rights upon individuals.

\* \* \* \* \* \*

> To determine the constitutionality of an act of Congress the courts need look only to the federal Constitution, but to determine the constitutionality of a state act they must consider both the federal and state constitutions for if it violates either constitution it is invalid. Thus, the courts should look first to the federal Constitution even in construing state statutes, for if it violates the federal Constitution it is immaterial whether or not it violates the state Constitution. On the other hand, if the state act is valid under the federal Constitution, it does not necessarily follow that it is constitutional under the state Constitution.

> At times both state and federal courts seem to put the two constitutions, or specific provisions of them, in a mixer and then examine the resulting mixture. This ignores the fact that state and federal constitutions were adopted at different times by different people, under different circumstances to apply to different jurisdictions,

---

1. Formerly Attorney General of Pennsylvania and a member of the Superior Court of Pennsylvania.

and contain different language which suggests different interpretations. They should be examined separately, always keeping in mind the superior authority of the federal Constitution.

In construing a provision of a state constitution not in violation of the federal Constitution, the federal courts will follow the construction of state constitutions as determined by the highest court of the state. If no relevant construction of the state provision has been made by the state's highest court, the federal courts will construe it as *they* think it should be construed.

"... It is well settled that a state may provide through its constitution a basis for the rights and liberties of its citizens independent from that provided by the federal Constitution, and that the rights so guaranteed may be more expansive than their federal counterparts." *Commonwealth v. Tate,* 495 Pa. 158, 169, 432 A.2d 1382, 1387 (1981).

* * * * * *

The Pennsylvania Constitution in addition to stating the general principles of freedom of speech and freedom of the press, contains specific provisions for procedure, trials, evidence, etc.

### Pennsylvania, Article I, § 8

"The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or thing shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant."

### U.S. Constitution—4th Amend.

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describ-

ing the place to be searched, and the persons or things to be seized."

It is well-established that police officers are required to give notice of their identity and purpose before attempting to enter private premises. *Commonwealth v. Newman*, 429 Pa. 441, 240 A.2d 795 (1968). (The fact that the police were in possession of a passkey and did not have to resort to physical force in order to gain entry does not make their intrusion any less 'forcible'.) *Commonweatlh v. McCloskey*, 217 Pa.Super. 432, 272 A.2d 271 (1970). The announcement doctrine is designed to protect the privacy afforded by the Fourth Amendment; an intrusion is no less an intrusion 'whether officers break down a door, force open a chain lock on a partially open door, open a locked door by use of a passkey, or ... open a closed but unlocked door.' *Sabbath v. United States*, 391 U.S. 585, 590, 88 S.Ct. 1755, 1758, 20 L.Ed.2d 828, 834 (1968). Thus, '[a]n unauthorized entry by means of a passkey is equivalent to a forcible entry.' *Commonwealth v. Cerulla*, 223 Pa.Super. 24, 27 n. 5, 296 A.2d 858, 859 n. 5 (1972).

There is a second well-established rule in regard to the propriety of forcible entry on the part of the police. Even where the police duly announce their identity and purpose forcible entry is 'still unreasonable and hence violative of the Fourth Amendment if the occupants of the premises sought to be entered and searched are not first given an opportunity to surrender the premises voluntarily.' *Commonwealth v. DeMichel*, 442 Pa. 553, 561, 277 A.2d 159, 163 (1971).

Instantly, the trial court found that the officers violated Pa.R.Crim.P. 2007. Absent exigent circumstances sufficient to justify an officer's failure to comply with Pa.R.Crim.P. 2007, the so-called "knock and announce" rule, evidence seized pursuant to a search must be suppressed. *Commonwealth v. Golden*, 277 Pa.Super. 180, 419 A.2d 721 (1980). The cases which turn on the entry of police officers into premises for the purpose of executing a search warrant are based on the reasonableness of the conduct of the officers and have set forth exceptions to the requirements

of the "knock and announce" rule. The exceptions are: (1) facts known to the officers making them virtually certain that the occupants of the premises know their identity and purpose, thus making an announcement a "useless" gesture; (2) facts indicating the requirement if executed would cause peril to the life and limb of the officers; (3) facts known to the officers justifying a reasonable belief that evidence is about to be destroyed. *Commonwealth v. Johnson,* 223 Pa.Super. 83, 289 A.2d 733 (1972). The police are permitted to use a ruse to initiate execution of a search warrant where such ruse is followed by an announcement of authority and purpose and by peaceful entry. *Commonwealth v. Regan,* 254 Pa.Super. 555, 386 A.2d 89 (1978). In the present case, the actions of the police officers were in violation of the applicable Rules and case law, and the court below found that the evidence presented did not substantiate the Commonwealth's assertion that appellee consented to the entry of the police officers for purposes of executing the search warrant when he responded to their knock. We agree.

 The Commonwealth argues that appellee consented to the entry. Appellee submits that when the officers knocked and failed to announce their identity, he asked, "Who's there?". Appellee asserts that the officers still refused to identify themselves by answering "Joe". Thus, appellee argues that the officers failed to identify themselves prior to any "invitation" by appellee. Appellee contends that entry into a residence by consent turns on the state of mind of the citizen and not on the state of mind of the officer. *Commonwealth v. Poteete,* 274 Pa.Super. 490, 418 A.2d 513 (1980), (where officer had lawful purpose in going to defendant's home, that is, to investigate the theft of defendant's car, but where officer also went to defendant's home to examine furniture suspected of being taken in burglaries, and officer failed to inform defendant of this second purpose of this visit, defendant's consent to officer's entry was invalid). Responding to the Commonwealth's argument that suppression is inappropriate because appellee suffered no prejudice from the manner of entry, appel-

lee cites *Commonwealth v. Mason*, 507 Pa. 396, 490 A.2d 421 (1985). The Commonwealth asserts that in *Mason*, the Pennsylvania Supreme Court indicated that the exclusion of evidence is an appropriate remedy where the violation of the Pennsylvania Rules of Criminal Procedure implicates fundamental constitutional concerns *or* is conducted in bad faith *or* has substantially prejudiced a defendant. Appellee argues that, in the instant case, the violation is one of constitutional import and this alone is sufficient to warrant suppression. We again agree.

Pennsylvania case law clearly requires a police officer to announce identity, authority and purpose *before* entering a residence in order to execute a search warrant. *See Commonwealth v. Regan, supra* (police use of a ruse to initiate execution of a search warrant is permissible where it is followed by an announcement of authority and purpose before making a peaceful entry). We do not find that appellee's "invitation" to the officers amounted to a consent of the search, and accordingly we affirm the order of the lower court.[2]

Order affirmed.

WIEAND, J., files a dissenting opinion.

WIEAND, Judge, dissenting:

I respectfully but vigorously dissent. When Joseph Stanley Morgan invited the person or persons knocking at his door to "come in," without requiring any identification from his visitors, he consented to their entry. Consequently, he cannot be heard to complain that his visitors were law enforcement personnel armed with a search warrant, who stated their name and purpose only after having stepped into his home. Because the search thereafter made was reasonably and legally conducted, I would reverse the order

---

**2.** The "vigorous" dissent of our distinguished colleague, Honorable Donald E. Wieand suggests that appellee knowingly invited the horde of police officers into his home. We do not so find, nor did the trial court. The police failed to *announce* their identity, authority and purpose—a clear violation of their duty under Pa.R.Crim.P. 2007! The dissent would have us emasculate the Rule.

suppressing the methamphetamine seized during the search.

The facts are not in dispute. Armed with a valid search warrant, Detectives James Di Romualdo and Glen Greenwalt approached the front door of Morgan's home at or about noon on October 12, 1984. The inner door was open. Therefore, the detectives knocked on the screen door. Morgan, in response to the knock, asked: "Who is it?" To this, Detective Di Romualdo responded, "Joe," this being Morgan's first name. Morgan then instructed his visitors to "come in." Thereupon, the detectives stepped into the house and immediately announced their identity and purpose.

This is not a case in which the police used a ruse to gain entrance to a suspect's home. When, in response to their knock, the police heard a voice from within, they inquired whether it belonged to "Joe." When they did so, they were not attempting to mislead Morgan or to conceal their identity. They did no more than to call out to the person who had spoken to them from the interior of the home. The record does not suggest that Morgan believed he was inviting someone named "Joe" to enter when he said "come in." Rather, the evidence suggests that Morgan, without knowing exactly who was at the door, invited that person or persons to come into his home.

It has been said that consent must turn not on the state of mind of the officer but on the state of mind of the citizen. *Commonwealth v. Poteete,* 274 Pa.Super. 490, 498, 418 A.2d 513, 517 (1980). In this case, however, the state of mind of Morgan was clear. He extended an open invitation to his visitor or visitors to enter his residence. It is immaterial under these circumstances that he did not know his visitors to be law enforcement agents. Appellant voluntarily surrendered any expectation of privacy which he would otherwise have had. Having invited the police to "come in," it cannot be said that their entry was unlawful. Cf. *Commonwealth v. Lassiter,* 457 Pa. 582, 321 A.2d 902 (1974) (owner's invitation to officer to enter home legitimized officer's entry such that subsequent seizure of evidence in

474

plain view was proper); *Commonwealth v. Gockley,* 411 Pa. 437, 192 A.2d 693 (1963) (consent to warrantless search); *Commonwealth v. Hartford,* 313 Pa.Super. 213, 459 A.2d 815 (1983) (same).

The majority holds that the contraband seized by the police must be suppressed because the police, in apparent violation of Pa.R.Crim.P. 2007, announced their identity and purpose after they had stepped into the residence rather than from the other side of the screen door. In my judgment, this holding exalts form over substance. The police, having been invited into Morgan's home, stepped in and immediately announced their purpose. This was not an unreasonable intrusion of his place of abode; it did not violate any expectation of privacy which Morgan had; and it did not violate his Fourth Amendment rights. If there were a technical violation of Pa.R.Crim.P. 2007, the violation did not assume constitutional dimensions, was not accompanied by bad faith and did not prejudice Morgan. The technical violation, if any, did not require suppression of the fruits of the search which in all other respects was lawfully conducted pursuant to a valid search warrant. See: *Commonwealth v. Mason,* 507 Pa. 396, 490 A.2d 421 (1985).

For these reasons, I dissent. I would reverse the suppression order and remand for further proceedings.