561 A.2d 1257

COMMONWEALTH of Pennsylvania, Appellant,

v.

Cheryl Benita CHAMBERS.

COMMONWEALTH of Pennsylvania, Appellant,

v.

Robert W. CHAMBERS, Jr.

COMMONWEALTH of Pennsylvania, Appellant,

v.

Rebecca KIRKLAND.

Superior Court of Pennsylvania.

Argued Nov. 29, 1988.

Filed July 14, 1989.

Petition for Allowance of Appeal
Granted Nov. 2, 1989.

606

Robert L. Eberhardt, Deputy District Attorney, and Kemal A. Mericli, Assistant District Attorney, Pittsburgh, for Com., appellant.

Michael D. Sayles, Pittsburgh, for appellee in No. 397.

Byrd R. Brown, Pittsburgh, for appellee in No. 398.

Before ROWLEY, DEL SOLE and MONTGOMERY, JJ.

ROWLEY, Judge:

These are consolidated appeals by the Commonwealth from orders entered in each of the three above-captioned drug-related criminal cases suppressing statements of appellee Robert Chambers and contraband seized during a search of the residence of appellees, Cheryl and Robert Chambers. After thoroughly reviewing the record evidence of appellees and the uncontradicted evidence of the Commonwealth, we conclude that the evidence supports the trial court's factual findings, and that the trial court properly suppressed the evidence as a matter of law. See *Commonwealth v. Pine*, 370 Pa.Super. 410, 536 A.2d 811 (1988).

The Commonwealth argues that: 1) there is no evidence to support the trial court's factual finding that the police opened the door to the Chambers house *simultaneous* with the announcement of their identity and purpose; 2) consequently there is no support for the trial court's legal conclusion that Pa.R.Crim.P. 2007 (the knock and announce rule) was violated; and 3) even if Rule 2007 was technically violated, the violation did not amount to a constitutional violation warranting suppression of the evidence.

■ The Commonwealth has the burden at a suppression hearing of proving by a preponderance of the evidence that the search or seizure of the evidence was legitimate and that the evidence therefore is admissible. *Commonwealth v. Eliff,* 300 Pa.Super. 423, 446 A.2d 927 (1982). In the present case, the only evidence relating to the propriety of the execution of the search warrant of the Chambers' home is the following: one plain-clothes detective (Detective Frank) and one uniformed police officer (Officer Bruce), with their guns drawn, knocked on the front door of the Chambers home. According to the testimony of Detective Frank, the following then transpired:

And when Mr. Chambers opened the door, I said, "Police officers. We have a search warrant for the premises." With that—and he had the door partially opened. And I pushed the door, pushed him back, and I said, "Get up against the wall and don't [sic] move." For safety of the officers.

Suppression transcript, p. 58. Very shortly thereafter, two other plain-clothes detectives who had been at the side of the house, also came through the front door. At some later time a second, uniformed police officer, who had been standing guard at the back door, also entered the house. The only reason the guns were drawn when Detective Frank and Officer Bruce entered the house was that "When we go into any house to execute a search warrant we don't know what we are going to encounter on the other side of the door." Suppression Transcript, p. 58.

Based on the fact that the only evidence produced by the Commonwealth to establish the timing of the entry into the house, was the phrase "with that," and considering that it was the Commonwealth's burden to establish the propriety of the execution of the warrant, we find that the record supports the trial court's conclusion that the door was pushed open simultaneous with the announcement by Detective Frank of his identity and purpose. There is no evidence that any period of time transpired between the statement of identity and purpose and the pushing open of the

door. More importantly, the Commonwealth failed to present any evidence to establish that appellee Robert Chambers had any opportunity to fully open the door to admit the police between the time that the identity and purpose of the police was announced, and the time when he was pushed at gun point against the wall behind him as the police pushed the door open. Thus there is ample evidence to support the trial court's conclusion that the requirement in Rule 2007, that police wait a "reasonable period of time" after announcing their identity and purpose before forcefully entering a premises to execute a warrant in the absence of exigent circumstances, was violated.

■ We are also unpersuaded by the Commonwealth's argument that even if there was a violation of Rule 2007, suppression of the evidence was unnecessary based upon *Commonwealth v. Morgan,* 517 Pa. 93, 534 A.2d 1054 (1987), *Commonwealth v. McDonnell,* 512 Pa. 172, 516 A.2d 329 (1986), and *Commonwealth v. Balliet,* 374 Pa.Super. 235, 542 A.2d 1000 (1988). *Morgan, McDonnell,* and *Balliet* are distinguishable on their facts.

In *Morgan* and *McDonnell,* the Supreme Court found that consent to the entry was given. In the present case, not only was consent not given by Robert Chambers, but there is no evidence that he had any opportunity to give his consent and voluntarily relinquish the premises, which is one of the fundamental purposes for the "knock and announce" rule. *Commonwealth v. DeMichel,* 442 Pa. 553, 277 A.2d 159 (1971). Moreover, in *McDonnell,* the Supreme Court found that not only was consent to the entry given, but no force was used in the entry. In the present case, it cannot be denied that force was used when Detective Frank *"pushed* the door" and *"pushed* [Robert Chambers] back." (Emphasis added.)

■ *Balliet* is also distinguishable from the present case because although in *Balliet* force was undeniably used when the locked door was kicked open, at least five minutes transpired between the initial knock on the door and announcement of the identity and purpose of those about to

execute the search warrant. Additionally, in *Balliet*, the police attempted to make a decision as to what was appropriate under the unique facts of the particular case when no one responded to their knock and announcement of their purpose. In the present case, on the other hand, there was no evidence of any circumstances to warrant the forceful entry, and there was no evidence that the execution of the warrant was tailored to suit the particular circumstances in this case. On the contrary, Detective Frank testified that at least to the extent of the drawn guns, the method of entry used in this case to execute the search warrant was the procedure used in the execution of *all* search warrants.[1]

The Commonwealth also argues that even if there was a violation of Rule 2007, suppression of the evidence is not automatically warranted. While exclusion of evidence seized in violation of the knock and announce rule embodied in Rule 2007 is not always an appropriate remedy, exclusion of evidence seized in violation of the Rule may be appropriate where the violation "implicates fundamental, constitutional concerns, is conducted in bad-faith or has substantially prejudiced the defendant." *Commonwealth v. Mason*, 507 Pa. 396, 406–407, 490 A.2d 421, 426 (1985); *Commonwealth v. Morgan*, 517 Pa. 93, 96, n. 2, 534 A.2d 1054, 1056, n. 2. The Fourth Amendment of the United States Constitution prohibits unreasonable searches and seizures, and this applies to the execution of the warrant. *Ker v. California*, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); *Commonwealth v. Newman*, 429 Pa. 441, 240 A.2d 795 (1968). The unreasonableness of the execution of a warrant must be determined on a case-by-case basis. *Id.* Although the trial court did not address the question of whether there was a *constitutional* violation of the knock and announce rule, we can affirm the trial court for any reason, *Commonwealth v. Toanone*, 381 Pa.Super. 336, 553 A.2d 998 (1989). Our review of the record reveals that there was a federal constitutional violation of the execution of the

---

1. We concur in the trial court's conclusion that the display of weapons alone did not constitute a Rule 2007 violation under *Commonwealth v. Duncan*, 257 Pa.Super. 277, 390 A.2d 820 (1978).

search warrant and that suppression of the evidence was not inappropriate.

No evidence introduced at the suppression hearing supports the reasonableness of the execution of the search warrant in this case. There is no evidence that anyone in the house was trying to destroy evidence, or that anyone in the house intended to or had the ability to physically resist the police. Thus there is no suggestion that there were any exigent circumstances warranting the forceful entry. Moreover, the only evidence of record indicating any actual show of authority which would have been perceptible by Robert Chambers at the time that Detective Frank knocked on the door and announced his purpose and identity and which would have suggested to a reasonable person that he should relinquish his home to be searched was the police uniform of Officer Bruce. However, Detective Frank, who actually knocked on the door and talked to Robert Chambers, was dressed in plain clothes and was wielding a gun. There is no evidence that the search warrant was shown to Robert Chambers or that Detective Frank exhibited any police badge. In consideration of all these facts, as well as the fact that Mr. Chambers was not given any opportunity to voluntarily relinquish the property even if he had wanted to, we cannot conclude that there was any reason articulated on the record at the suppression hearing to warrant the forced entry.

Furthermore, there is no evidence to support the Commonwealth's factual assertion that Robert Chambers' expectation of privacy was substantially diminished when he opened the door upon hearing Detective Frank's knock. Although Robert Chambers opened the door, Detective Frank testified that it was only "partially" open. The Commonwealth failed to present any other evidence to establish that the door was sufficiently open so that the police could see anything inside the house or to demonstrate that any privacy was in fact relinquished when the door was opened. Based on the meager record established by the Commonwealth, we cannot say that Mr. Chambers opened

the door sufficiently wide so as to diminish to any appreciable extent his expectation of privacy.

Because there was no demonstrated reason to use any force to execute the search warrant, because there was no evidence indicating that Mr. Chambers consented to the search, or had an opportunity to voluntarily relinquish the premises to the police, and because of the minimal evidence that Mr. Chambers, in the brief time between the knocking on the door and his being pushed against the wall, had any reason to perceive what was going on as an exercise of lawful authority, we hold that the execution of the search warrant was not reasonable, and was unconstitutional. *McDonnell, supra* ("The Rule's primary purpose is to prevent resistance to lawful authority based on the occupant's efforts to protect his privacy expectation against unauthorized entry of persons unknown to him. It gives the individual a chance to surrender the premises peacefully in the face of lawful authority."). Thus, the execution of the search warrant in this case not only technically violated the knock and announce rule embodied in Pa.R.Crim.P. 2007, but also "implicated fundamental, constitutional concerns."

Balancing the benefits of deterring police misconduct against the costs of excluding otherwise reliable evidence, *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), *California v. Greenwood*, 486 U.S. 35, 108 S.Ct. 1625, 100 L.Ed.2d 30 (1988), we conclude that the trial court did not err in suppressing the evidence in this case. Even if the Supreme Court of Pennsylvania had adopted the "good faith" exception to the exclusionary rule set forth in *Leon, supra,* which it has not done, *Commonwealth v. Melilli*, 521 Pa. 405, 555 A.2d 1254 (1989), we note that there is nothing in the record to indicate that the police acted in good faith in the manner in which they executed the search warrant in this particular case. Moreover, the extent of the police violation in this case is not minor. *Greenwood, supra,* at 108 S.Ct. 1631.

Orders affirmed.