601 A.2d 302

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Dale Thomas McDONEL, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 19, 1991.

Filed Dec. 12, 1991.

Paul J. Esposito, Harrisburg, for appellant.

William T. Tully, Asst. Dist. Atty., Harrisburg, for Com., appellee.

Before POPOVICH, HUDOCK and CERCONE, JJ.

POPOVICH, Judge:

This is an appeal from the judgment of sentence entered October 31, 1990, in the Dauphin County Court of Common Pleas, following appellant's conviction on the charges of possession of marijuana with intent to deliver, possession of marijuana and possession of drug paraphernalia. On appeal, appellant contends that the Police executed a valid search warrant in a manner which violated Pa.R.Crim.P. 2007, commonly known as the "knock and announce" rule, Article I, § 8 of the Pennsylvania Constitution and the Fourth Amendment of the United States Constitution. Appellant also contends that the lower court abused its discre-

tion when it sentenced him within the aggravated range of the sentencing guidelines.[1] Having reviewed the record and the applicable law, we reverse the suppression ruling below, vacate the judgment of sentence and remand for a new trial.

The record reveals that on November 3, 1989, Officer Donald L. Brink of the Swatara Township Police Department, applied for a search warrant to seize any controlled substances and related items which might be found at appellant's residence. The warrant was issued. Later that day, Officer Brink and other members of the Dauphin County Drug Task Force searched appellant's house and, after seizing marijuana and drug paraphernalia, arrested appellant.

Appellant sought to suppress the evidence seized in the search, arguing that the manner of execution violated the "knock and announce" rule, Pa.R.Crim.P. 2007, and the Pennsylvania and United States Constitutions. However, his motion to suppress was denied, and appellant was convicted on all charges. Appellant again raised the suppression issue in his post-verdict motions but again was unsuccessful. Appellant was then sentenced to serve eleven and one-half months to twenty-three months in the Dauphin County Prison and to pay a fine of $1,000.00. A timely motion to modify sentence was filed and denied. This appeal followed.

When we review the denial of a motion to suppress, this court must:

"determine whether the factual findings of the [suppression] court are supported by the record. In making this determination, we consider only the evidence of the prosecution's witnesses and so much of the evidence for the defense, as, fairly read in the context of the record as a whole, remains uncontradicted. If, when so viewed, the evidence supports the factual findings, we are bound by such findings and may only reverse if the legal conclu-

1. Due to our resolution of the suppression issue, we need not address this issue.

sions drawn therefrom are in error. *Commonwealth v. Trenge,* 305 Pa.Super. 386, 451 A.2d 701 (1982)."

*Commonwealth v. Ariondo,* 397 Pa.Super. 364, 367, 580 A.2d 341, 342–343 (1990), quoting *Commonwealth v. Schneider,* 386 Pa.Super. 202, 206, 562 A.2d 868, 870 (1989).

Having reviewed the record, we have determined that the factual findings as outlined by the court below are supported by the evidence. In its opinion, the lower court summarized the facts as follows:

> On the day of the execution of the search warrant, Officer Brink and several other officers went to the front door of this house while several officers were detailed to the rear of this property. (N.T. 12). Trooper Laudermilch knocked on the front door two or three times. (N.T. 12). Three to five seconds elapsed between the first series of knocks and the second series of knocks. (N.T. 13). They waited another three to five seconds and after receiving no response or any indication that the occupants were intending to respond to the knocks, Trooper Laudermilch announced that the police were at the door and that they had a search warrant (N.T. 13) They waited another five to ten seconds and when they still received no response, they forcibly entered the door using a battering ram. (N.T. 13). Officer Brink testified that the knocks were loud enough so that they could be heard by someone on the first floor. (N.T. 13). Officer Brink stated that he heard no music playing when they entered the house or any other source of noise which would have prohibited the occupants from hearing the knocking and the announcement. (N.T. 22). Upon entering, the police found the defendant and his girlfriend seated at the dining room table which was located approximately fifteen to twenty feet from the front door. (N.T. 14).

Trial Court Opinion, p. 2.

We now apply the pertinent legal authority to the facts outlined above. Pa.R.Crim.P. 2007, Manner of Entry into Premises, provides:

(a) A law enforcement officer executing a search warrant shall, before entry, give, or make reasonable effort to give, notice of his identity, authority and purpose to any occupant of the premises specified in the warrant, unless exigent circumstances require his immediate forcible entry.

(b) Such officer shall await a response for a reasonable period of time after his announcement of identity, authority and purpose, unless exigent circumstances require his immediate forcible entry.

(c) If the officer is not admitted after such reasonable period, he may forcibly enter the premises and may use as much physical force to effect entry therein as is necessary to execute the search.

In *Commonwealth v. Morgan*, 517 Pa. 93, 97, 534 A.2d 1054, 1056–1057 (1987), the Pennsylvania Supreme Court, when reviewing an alleged violation of the "knock and announce" rule, stated the following:

"Generally, absent exigent circumstances, police must announce both their authority and purpose before forcible entry." *Commonwealth v. Stanley*, 498 Pa. 326, 334, 446 A.2d 583, 587 (1982); Rule 2007. The purpose of this "knock and announce" rule is to prevent violence and physical injury to the police and occupants, to protect an occupant's privacy expectations against unauthorized entry of persons unknown to him or her, and to prevent property damage resulting from forced entry. *Commonwealth v. McDonnell*, 512 Pa. 172, 516 A.2d 329 (1986).

Exceptions to the rule have developed on the basis of the reasonableness of the police officer's conduct in particular cases, and include the following: (1) the police need not engage in a futile gesture of announcing purpose when the occupants of the premises remain silent after repeated knocking and identification, *Commonwealth v. Stanley, supra;* (2) the police are virtually certain that the occupants of the premises already know their purpose, *Commonwealth v. Newman*, 429 Pa. 441, 240 A.2d 795 (1968); *Commonwealth v. Johnson*, 223

Pa.Super. 83, 289 A.2d 733 (1972); (3) the police have reason to believe that an announcement prior to entry would imperil their safety, *Commonwealth v. Stanley, supra;* and (4) the police have reason to believe that evidence is about to be destroyed, *Commonwealth v. Clemson,* 234 Pa.Super. 191, 338 A.2d 649 (1975). These exceptions to the "knock and announce" rule fulfill the purpose of the rule in that entry is accomplished with a minimum of danger to officers and occupants or damage to the premises.

A similar listing of exceptions to the "knock and announce" rule was set forth in *Commonwealth v. Norris,* 498 Pa. 308, 446 A.2d 246 (1982). Therein, our high court recognized that exigent circumstances warranting noncompliance with Pa.R.Crim.P. 2007 exist when the police in good faith believe that they or someone within the premises are in peril of bodily harm and when the officers have reason to believe that a suspect is armed or might resist arrest. *Norris,* 446 A.2d at 248–249.

■ Instantly, the Commonwealth does not contend that the officers waited a reasonable period of time after knocking and announcing their identity and purpose. Nor does the Commonwealth contend that exigent circumstances developed at the scene which would warrant forced entry. Instead, the Commonwealth asserts that the officers had a basis for assuming that the suspect within the residence was armed and might resist arrest. Such knowledge, contends the Commonwealth, created an exigent circumstance under Pa.R.Crim.P. 2007(a), which excused the officers from their duty to provide the occupants of the premises with notice of their identity and purpose prior to forcible entry. See Appellee's Brief, p. 14.

The Commonwealth bases its assertion of exigent circumstances on Officer Brink's testimony that the probability of finding firearms proximate to controlled substances was "[q]uite high." The officers also knew that in 1987, appellant was arrested and pleaded guilty on charges of possession of marijuana, possession of cocaine and possession of

an unlicensed firearm. Apparently, a loaded .45 caliber handgun was found in appellant's vehicle at the time of his arrest on the 1987 drug charges. (N.T. 18). The Commonwealth contends that the officers' knowledge of appellant's two-year-old weapons violation combined with their "assumptions" that drug dealers routinely "possess firearms and that such weapons are as much tools of the trade as more commonly recognized drug paraphernalia" was sufficient to create the exigent circumstances necessary to permit forced entry without first affording appellant the opportunity to surrender the premises peaceably. Appellee's brief, p. 18.

However, we must disagree with the Commonwealth and the lower court. In the recent case of *Commonwealth v. Grubb*, 407 Pa.Super. 78, 83–84, 595 A.2d 133, 135–136 (1991), we address an argument of the Commonwealth similar to that raised herein, stating:

> The Commonwealth asserts a knock and announce entry by police would allow the suspected drug dealers the opportunity to arm themselves against police intrusion thereby imperiling the police officers' safety. They base this argument on the inherent danger armed drug dealers pose to police, as well as the officer's experience in conducting drug raids. Under limited circumstances, the knock and announce rule has been disregarded where police had reason to believe announcement prior to entry would imperil their safety. *See Morgan, supra; Commonwealth v. Stanley*, 498 Pa. 326, 446 A.2d 583 (1982); *Commonwealth v. Johnson*, 223 Pa.Super. 83, 289 A.2d 733 (1972). *However, in this case, to accept the Commonwealth's argument is to recognize a presumption whereby exigent circumstances sufficient to do away with the knock and announce rule would exist any time a search for drugs is conducted. We would, in effect, be taking judicial notice of the fact that drug dealers customarily carry weapons and therefore any search of a suspected dealer's operating base would necessarily endanger the investigating officers.* We are

unwilling to create this presumption. Such a fundamental change in the knock and announce rule should not be made by judicial determination based on allegations in a particular case but must be addressed in careful and studied deliberation by the legislature. Vague allegations in a probable cause affidavit to a magistrate do little to protect the arresting officer and weaken the safeguards provided to the citizenry by the constitution. The right, on the scene, under exigent circumstances, to break in unannounced recognizes that the peril to an officer serving a warrant is ever present and he must be able to protect himself. This usually can be done only at the time the warrant is being executed. The circumstances where verified and detailed information is supplied to the magistrate regarding the existence of weaponry which would present unusual danger to the searching officer, thereby permitting authorization of a no knock entry, need not be considered here as the facts do not warrant it. (Emphasis added)

■ Similarly, we will not find exigent circumstances to exist based merely on a "vague allegation" that guns may be present and a weapons conviction that is two years old. Certainly, under limited circumstances, the "knock and announce" rule may be disregarded where police have reason to believe announcement prior to entry would imperil their safety. See *Stanley, supra.* However, the present case was not one where, as in *Stanley, supra,* the officers were poised to arrest an escaped convict who was *recently* seen with a handgun and who had previously been convicted of a murder which he committed with a firearm. In the case *sub judice,* all the officers knew was that appellant had pleaded guilty to possession of an unlicensed weapon some two years earlier. Certainly, such information is stale at best. Accordingly, we find that the lower court erred when it determined that exigent circumstances existed which excused the police's failure to give the occupants an opportunity to surrender the premises peaceably.

■ Although the officers failed to comply with Pa. R.Crim.P. 2007, this does not *ipso facto,* necessitate a finding that the evidence seized must be suppressed. As was noted in *Commonwealth v. Mason,* 507 Pa. 396, 406–407, 490 A.2d 421, 426 (1985):

> ... exclusion/suppression of evidence is not an appropriate remedy for every violation of the Pennsylvania Rules of Criminal Procedure concerning searches and seizes. It is only where the violation also implicates fundamental, constitutional concerns, is conducted in bad faith or has substantially prejudiced the defendant that exclusion *may* be an appropriate remedy.

See also *Commonwealth v. Davis,* 407 Pa.Super. 415, 595 A.2d 1216 (1991) (technical violation of Rule 2007 did not warrant suppression); compare *Commonwealth v. Chambers,* 385 Pa.Super. 605, 561 A.2d 1257 (1989), *affirmed,* —— Pa. ——, 598 A.2d 539 (1991) (evidence suppressed due to violation of Rule 2007).

■ Instantly, we find that the officer's activity did impinge upon appellant's constitutional rights. The Fourth Amendment of the United States Constitution and Article I, § 8 of the Pennsylvania Constitution prohibit unreasonable searches and seizures, and this applies to the execution of the warrant. *Chambers,* 598 A.2d at 540; *Ker v. California,* 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); *Commonwealth v. Newman,* 429 Pa. 441, 240 A.2d 795 (1968); *Chambers,* 561 A.2d at 1259. Whether the manner of execution of a search warrant is unreasonable is to be determined on a case by case basis. *Id.* Generally, "[t]he fourth amendment requires the police to knock and identify themselves and *only if their calls are not answered within a reasonable time under the circumstances, may force then be used to enter." Grubb,* 595 A.2d at 135 (emphasis added).

In the case *sub judice,* only thirty seconds passed between the first knock on appellant's door and impact of the battering ram, and only five to ten seconds passed between the officers' announcement of their identity and purpose

and their forced entry. Certainly, the police did not afford appellant the opportunity to surrender the premises peacefully. Further, the Commonwealth cannot point to a single fact which the police observed during execution of the warrant which would indicate that exigent circumstances existed or that appellant would refuse to surrender the premises. The officers' mere supposition that appellant might have a gun is not enough to permit the police to ignore appellant's constitutional right to freedom from unreasonable searches and seizures. "The fact ... [that] police *may be* in danger does not justify the suspension of the fourth amendment." *Grubb*, 595 A.2d at 133. Since exigent circumstances did not exist and the police did not wait a reasonable period of time before smashing in appellant's door, we find that the execution of the search warrant was unreasonable and, therefore, was unconstitutional. Cf., *Chambers, supra.*

Balancing the benefits of deterring police misconduct against the costs of excluding otherwise reliable evidence, *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), we conclude that the lower court erred in refusing to suppress the evidence in this case. Accordingly, we reverse the suppression ruling of the court below, and we vacate the judgment of sentence entered herein. In so doing, we are mindful that one of the prices we pay for the security which the Fourth Amendment bestows upon us is the risk that, occasionally, drug dealers will go free. See *Grubb*, 595 A.2d at 136; *Chambers, supra; Newman, supra.*

Judgment of sentence vacated and remanded for new trial. Jurisdiction relinquished.

HUDOCK, J., files a dissenting statement.

HUDOCK, Judge, dissenting:

Respectfully, I dissent. I would affirm the trial court's determination that exigent circumstances existed justifying

the officers' non-compliance with the "knock and announce" rule.

As the Commonwealth points out in its brief to this Court, if the record below supports the factual findings of the suppression court and the legal conclusions drawn from those findings, they may not be disturbed on appeal. *Commonwealth v. Yerger*, 333 Pa.Super. 501, 482 A.2d 984 (1984). Officer Brink testified that based upon his experience, the incidence of finding guns or armed suspects in a drug raid was "quite high". (N.T. 17). He also had information that Appellant had been arrested approximately two years earlier in a drug raid while in possession of an unregistered, loaded handgun. Based upon these facts I believe the trial court was justified in concluding that the officer could have reasonably believed that this known and previously armed denizen of the drug world would again be armed at the time of the entry in question. Since the record supports his factual findings and legal conclusions, we should not disturb them.

The majority dismisses the Commonwealth's contention that the officers here could assume that drug dealers routinely possess firearms, citing *Commonwealth v. Grubb*, 407 Pa.Super. 78, 595 A.2d 133 (1991). I do not believe that *Grubb* is controlling. In that case our Court refused to take judicial notice of the fact that drug dealers carry weapons so as to, *ipso facto*, constitute exigent circumstances justifying non-compliance with the "knock and announce" rule. In the case presently before this Court, the Commonwealth does not ask us to take judicial notice, but rather argues that the testimony of the officer as to his personal experience with drug raids and drug dealers justified him in his belief that the defendant and his accomplices might be armed. The trial court apparently accepted this testimony, as we must.

When the actual experience of the officer was coupled with the officer's knowledge that this very defendant had previously possessed a loaded, unregistered firearm while engaging in his illegal activities, the officers cannot be

faulted for taking action to guard against the danger they could reasonably conclude was present on the other side of the door. In short, I believe "exigent circumstances" existed under the facts of this case, as found by the trial court, to justify non-compliance with the "knock and announce" rule. Accordingly, I dissent.