## Commonwealth v. Tirado

*Lisa A. Green, assistant district attorney,* for the Commonwealth.

*Robert M. Rosenblum,* for defendant.

O'BRIEN, *J.,* September 22, 1994—

## I. FINDINGS OF FACT

(1) On May 11, 1994, a member of the Stroudsburg Police Department obtained a search warrant for the defendant's residence located at the Glenbrook East Apartments on Waverly Drive in Stroudsburg, Monroe County, Pennsylvania. (N.T. 9.)

(2) On May 12, 1994 at approximately 6 a.m., eight agents of the Pennsylvania Attorney General's Office arrived at the residence to execute the search warrant. (N.T. 10.)

(3) Upon exiting their van, four of the agents took positions around the perimeter of the premises and the other four immediately started to bang on the entrance door with a "bar-type deal" and within 10 seconds gained entry. (N.T. 14, 15, 27.)

(4) Although the agents hollered "police, we have a search warrant," as they stormed the residence, they did not wait or give the residents any opportunity to afford them entry. When they gained entry, they discovered the 18 year old defendant, his girlfriend and approximately one and one-half ounces of marijuana. (N.T. 20.)

## II. DISCUSSION

Counsel for defendant has filed an omnibus pretrial motion seeking suppression of the fruits of the search on the basis that the officer did not have probable cause for the issuance of a search warrant or in the alternative violated the "knock and announce" rule in the execution of the warrant. Applying the standard enunciated by our Supreme Court in *Commonwealth v. Baker,* 532 Pa. 121, 615 A.2d 23 (1992) to the search warrant affidavit (see Commonwealth exhibit 1), we conclude that the officer did have probable cause to obtain the search warrant. However, the execution of the search warrant is another matter.

The Pennsylvania Rules of Criminal Procedure provide in pertinent part as follows:

"MANNER OF ENTRY INTO PREMISES

"(a) A law enforcement officer executing a search warrant shall, before entry, give, or make reasonable effort to give, notice of his identity, authority and purpose to any occupant of the premises specified in the warrant, unless exigent circumstances require his immediate forcible entry.

"(b) Such officer shall await a response for a reasonable period of time after his announcement of identity, authority and purpose, unless exigent circumstances require his immediate forcible entry.

"(c) If the officer is not admitted after such reasonable period, he may forcibly enter the premises and may use as much physical force to effect entry therein as is necessary to execute the search." Pa.R.Crim.P. 2007.

A police officer may not enter a residence without first announcing that he is a police officer and stating the reason for his being there. *Commonwealth v. Morgan,* 517 Pa. 93, 534 A.2d 1054 (1987); *Commonwealth v. Stanley,* 498 Pa. 326, 446 A.2d 583 (1982). It has long been held that the Fourth Amendment to the United States Constitution requires the police to knock and identify themselves, announce their purpose and wait a reasonable period of time before forcible entry. *Commonwealth v. Grubb,* 407 Pa. Super. 78, 595 A.2d 133 (1991).

In *Commonwealth v. Means,* 531 Pa. 504, 614 A.2d 220 (1992), our Supreme Court held that where the police waited only five to 10 seconds before forcibly entering a premises, the "knock and announce" rule was violated and the evidence found must be suppressed. Similarly in *Commonwealth v. McDonel,* 411 Pa. Super. 187, 601 A.2d 302 (1991), our Superior Court suppressed evidence seized in a search where the officers waited only 30 seconds between the first knock on

a suspect's door and the impact of a battering ram to open the door. In the case at bar, the officers did not wait any time to gain entrance and the 10 seconds between their exit from the van and their entrance of the premises was utilized in breaking down the door. Therefore, it is clear that the provisions of Pa.R.Crim.P. 2007 were violated in the case at bar.

The Commonwealth has not presented any authority in its brief to justify the execution of the warrant, nor has our research disclosed any. Further the only person who testified at the suppression hearing was a police officer who witnessed the execution of the warrant. None of the agents who executed the warrant appeared to testify to explain their conduct. However, the officer who witnessed the event described it as follows:

"It was a typical like you would see on TV kind of SWAT movie, where they come out hollering and screaming. The guys were pumped before they got there. Their energy level was way up; so, they were screaming." (N.T. 25.)

While the Commonwealth made an argument premised upon exigent circumstances as contemplated in *Commonwealth v. Chambers,* 528 Pa. 403, 598 A.2d 539 (1991), there was no evidence presented of the existence of any exigent circumstances at the time of the execution of the warrant. The mere suspicion that a defendant may have a gun was rejected as exigent circumstances in *Commonwealth v. McDonel, supra,* where our Superior Court concluded:

"Certainly, the police did not afford appellant the opportunity to surrender the premises peacefully. Further the Commonwealth cannot point to a single fact which the police observed during execution of the warrant which would indicate that exigent circumstances

existed or that appellant would refuse to surrender the premises." *Id.* at 197, 601 A.2d at 307.

This conclusion applies equally to the case at bar.

## III. CONCLUSIONS OF LAW

(1) The affidavit for a search warrant executed by the police officer provided probable cause for the issuance of the search warrant.

(2) The officers who executed the search warrant failed to comply with the provisions of Pa.R.Crim.P. 2007 and, therefore, the fruits of the search must be suppressed.

## ORDER

And now, September 22, 1994, defendant's omnibus pretrial motion, in the nature of a motion to suppress evidence obtained during the search of his residence on May 12, 1994, is granted.